# UNITED STATES DISTRICT COURT
# EASTERN DISTRICT OF NEW YORK

---

Nº 06-CV-3021 (JFB)

---

JOHN WHALEY,

Petitioner,

VERSUS

H.D. GRAHAM, SUPERINTENDENT AUBURN CORRECTIONAL FACILITY,

Respondent.

---

MEMORANDUM AND ORDER
March 6, 2007

---

JOSEPH F. BIANCO, District Judge:

On May 11, 2006, John Whaley ("petitioner") filed a *pro se* petition for a writ of habeas corpus pursuant to 28 U.S.C. § 2254. On September 6, 2006, respondent H.D. Graham moved to dismiss the petition as time-barred. For the reasons that follow, respondent's motion is granted and the petition is dismissed.

I. BACKGROUND

A. The 2003 Conviction

Petitioner was indicted by a Grand Jury in Suffolk County, New York on August 23, 2002 on one count of Attempted Burglary in the Third Degree [N.Y. State Penal Law §§ 110/140.20] and one count of Criminal Mischief in the Fourth Degree [N.Y. State Penal Law § 145.00]. On February 10, 2003, petitioner was convicted, upon his plea of guilty, in the Supreme Court of the State of New York, Suffolk County for the crime of Attempted Burglary in the Third Degree (the "2003 Conviction"). Petitioner was sentenced to a determinate term of incarceration of seven months, with credit for time served. Petitioner is no longer incarcerated on this conviction. No Notice of Appeal relating to this conviction has ever been filed on petitioner's behalf.

B. The 2004 Conviction

In a separate case, on October 27, 2003, petitioner was indicted by a Grand Jury in Suffolk County on one count of Attempted Burglary in the Third Degree and one count of

Criminal Mischief in the Fourth Degree. On August 9, 2004, petitioner was convicted, upon his plea of guilty, in the Supreme Court of the State of New York, Suffolk County for the crime of Attempted Burglary in the Third Degree (the "2004 Conviction"). Petitioner was sentenced, as a second felony offender, to an indeterminate term of incarceration of one and one-half to three years.

On October 26, 2004, petitioner moved the Appellate Division, Second Judicial Department, for permission to file a late Notice of Appeal regarding the 2004 Conviction. By Decision and Order on Motion dated December 9, 2004, the court granted petitioner's motion. On March 11, 2005, the Appellate Division assigned the Legal Aid Society of Suffolk County to represent petitioner on his direct appeal of the 2004 Conviction. According to the record before this Court, petitioner's direct appeal is currently pending in state court.

On April 7, 2005, petitioner filed a C.P.L. § 440.10 motion with the Supreme Court of the State of New York, Suffolk County seeking to vacate the 2004 Conviction. On June 17, 2005, the court denied petitioner's motion.

On July 6, 2005, petitioner filed a second C.P.L. § 440.10 motion with the Supreme Court of the State of New York, Suffolk County seeking to vacate the 2003 Conviction and the 2004 Conviction. On October 19, 2005, the court denied petitioner's motion. On January 10, 2006, the Appellate Division denied petitioner's application for leave to appeal from that decision.

On November 3, 2005, petitioner filed a third C.P.L. § 440.10 motion with the Supreme Court of the State of New York, Suffolk County seeking to vacate the 2003 Conviction and the 2004 Conviction. On January 23, 2006, the court denied petitioner's motion. On April 12, 2006, the Appellate Division denied petitioner's application for leave to appeal from that decision.

3. The Instant Petition

On May 15, 2006, *pro se* petitioner filed an application for a writ of habeas corpus dated May 11, 2006[1] in the United States District Court for the Northern District of New York. By order dated May 31, 2006, Magistrate Judge Randolph F. Treece of the Northern District transferred the instant petition to this Court.

The first page of the petition refers to both the 2003 Conviction and the 2004 Conviction. However, the accompanying submissions only present arguments regarding the legality of the 2003 Conviction. Moreover, in a letter dated August 1, 2006, petitioner clarified that the instant petition only challenges the 2003 Conviction.[2]

---

[1] Although the petition was filed in the Clerk's Office in the Northern District on May 15, 2006, the Court deems the petition filed on May 11, 2006, the date on which it was signed. *See Houston v. Lack*, 487 U.S. 266, 270-71 (1988) (holding that the notice of appeal of a *pro se* incarcerated litigant is deemed filed when delivered to prison officials for mailing); *see also Noble v. Kelly*, 246 F.3d 93, 98 (2d Cir. 2001) (concluding "that the district court properly extended the prison mailbox rule to petitions for writs of habeas corpus").

[2] The Court notes that petitioner has also filed a separate application before this Court for a writ of habeas corpus that challenges the legality of the 2004 Conviction. *See Whaley v. Graham*, No. 06 Civ. 3843 (JFB).

2

## II. DISCUSSION

### A. In Custody Requirement

The threshold jurisdictional showing a habeas petitioner must make is that he is "in custody pursuant to the judgment of a State court." *Lackawanna Cty. Dist. Attorney v. Coss*, 532 U.S. 394, 401 (2001) (quoting 28 U.S.C. § 2254(a)). "[T]he habeas corpus statute confers jurisdiction to district courts to entertain habeas petitions for relief solely from persons who satisfy the status or condition of being 'in custody' at the time the petition is filed." *Scanio v. United States*, 37 F.3d 858, 860 (2d Cir. 1994). Moreover, even where the petitioner continues to be incarcerated on an unrelated conviction at the time of filing, the "in custody" requirement is not satisfied where the sentence for the challenged conviction has been fully served. *See Myers v. Smith*, 444 F.2d 75, 77 (2d Cir. 1971) (finding that petitioner was not "in custody" where, "while serving an unrelated sentence, he attacks an earlier conviction for which he has served out his full sentence"); *Tafari v. Unger*, No. 05 Civ. 5843 (FB), 2006 WL 3490343, at *1 (E.D.N.Y. Dec. 5, 2006) (finding that, although petitioner was currently "in custody" pursuant to another conviction, the petition was untimely because "the sentence imposed by the state court under the [challenged] judgment [had] expired long before [the petitioner] filed the current habeas petition"); *Casey v. Burge*, No. 04 Civ. 0166 (FB), 2005 WL 712435, at *1 (E.D.N.Y. March 28, 2005) ("A prisoner is not in . . . custody if the sentence imposed under the judgment fully expired before the prisoner filed the habeas petition.").

In this case, even assuming *arguendo* that petitioner began to serve the seven-month sentence for his 2003 conviction on the date of the judgment of conviction, the sentence would have been fully served by September 10, 2003.[3] Petitioner filed the instant petition on May 11, 2006, more than two and one-half years after the sentence for the challenged conviction had expired. Accordingly, because petitioner was not "in custody" for the challenged sentence at the time the petition was filed, the petition must be dismissed.[4]

---

[3] It is not clear from the record before this Court as to how much credit petitioner received for time-served on the 2003 Conviction. Thus, resolving all doubts in favor of *pro se* petitioner, the Court assumes *arguendo* that petitioner did not receive *any* credit for time-served and thus treats the sentence for the challenged conviction as beginning on the date of the judgment of conviction.

[4] Because petitioner specifically argues that the instant petition only challenges the 2003 Conviction, the Court need not address the issue of whether the petition can be construed as challenging the enhanced sentence imposed for the 2004 conviction "on the ground that the [2003 Conviction] was unconstitutionally obtained." *See Lackawanna*, 532 U.S. at 403-04 (finding that "the defendant generally may not challenge [an] enhanced sentence through a petition under § 2254 on the ground that the prior conviction was unconstitutionally obtained" where the prior conviction is "no longer open to direct or collateral attack in its own right because the defendant failed to pursue those remedies while they were available"); *see also Casey*, 2005 WL 712435, at *1 n.1 ("Although a challenge to a current sentence on the grounds that it was enhanced by an allegedly invalid prior conviction satisfies the 'in custody' requirement, habeas relief cannot be granted on that grounds unless '[the] petitioner can demonstrate that his current sentence was enhanced on the basis of a prior conviction that was obtained where there was a failure to appoint counsel in violation of the Sixth Amendment.'") (quoting *Lackawanna*, 532 U.S. at 402-04); *Tafari*, 2006 WL 3490343, at *1 n.1.

3

B. Timeliness

Even assuming *arguendo* that petitioner could satisfy the "in custody" requirement, the instant petition would be untimely. AEDPA imposes a one-year statute of limitations on state prisoners seeking *habeas corpus* review in federal court. 28 U.S.C. § 2244(d)(1). The statute begins to run from the latest of: (1) "the date on which the [petitioner's] judgment [of conviction] became final by the conclusion of direct review or the expiration of the time for seeking such review"; (2) "the date on which the impediment to filing an application created by State action in violation of the Constitution of the laws of the United States is removed, if the applicant was prevented from filing by such State action"; (3) "the date on which the constitutional right asserted was initially recognized by the Supreme Court, if the right has been newly recognized by the Supreme Court and made retroactively applicable to cases on direct review;" or (4) "the date on which a factual predicate to support a claim could have been discovered through due diligence." 28 U.S.C. § 2244(d)(1)(A-D).

Respondent argues that the petition should be dismissed as untimely because it was filed after the expiration of the statute of limitations. Pursuant to 28 U.S.C. § 2244(d)(1)(A), the statute of limitations began to run on the date petitioner's conviction became final. New York State law required petitioner to take an appeal of the judgment of conviction within thirty days of that judgment, by March 12, 2003. *See* C.P.L. § 460.10(1). Because petitioner did not file a timely notice of appeal, the judgment of conviction became final, and the one-year limitations period began to accrue, on March 12, 2003. Thus, the time for filing a habeas petition expired on March 12, 2004. 28 U.S.C. § 2244(d)(1)(A). The instant habeas petition, filed on May 11, 2006, is over two years late.[5]

In "rare and exceptional" circumstances, the one-year statute of limitations is subject to equitable tolling. *Smith v. McGinnis*, 208 F.3d 13, 17 (2d Cir. 2000); *see also Warren v. Garvin*, 219 F.3d 111, 113 (2d Cir. 2000). In order to obtain the benefit of equitable tolling, a petitioner must make two showings: (1) he must demonstrate that "extraordinary circumstances prevented him from filing his petition on time"; and (2) he must have "acted with reasonable diligence throughout the period he seeks to toll." *Smith*, 208 F.3d at 17. The petitioner bears the burden to affirmatively show that he is entitled to equitable tolling. *See West v. Hamill*, No. 04 Civ. 2393 (CBA), 2005 WL 1861735, at *2 (E.D.N.Y. Aug. 1, 2005) (citing *Boos v. Runyan*, 201 F.3d 178, 185 (2d Cir.2000)).

Petitioner argues that the petition should be equitably tolled because he has been "declared mentally retarted [sic]" by the state and "his education scores are below normal." (Pet. Reply. Mem. at 9.) The Court finds that

---

[5] The Court notes that petitioner's second § 440.10 motion in state court did not toll the AEDPA limitations period for the 2003 Conviction. That motion was filed on July 6, 2005 – over one year after the expiration of the limitations period for filing a habeas petition challenging the 2003 Conviction. *See Letlow v. Sabourin*, No. 01 Civ. 0103 (LBS), 2003 WL 21919430, at *3 (E.D.N.Y. April 14, 2003) (finding that the petition was time-barred where petitioner failed to "institute any of his state relief applications" within the AEDPA limitations period); *Thomas v. Unger*, No. 06 Civ. 6578 (NG), 2007 WL 42993, at *2 (E.D.N.Y. Jan. 4, 2007) (finding petition untimely where petitioner did not appeal his conviction within thirty days after the judgment of conviction and failed to file a timely habeas petition).

4

petitioner has failed to present an "extraordinary" circumstance. First, the Court notes that petitioner has failed to present any medical evidence demonstrating that petitioner is mentally disabled or, even assuming *arguendo* that petitioner has some mental disability, that it impacts his ability to timely file a petition. To the contrary, petitioner has presented extensive, cogent, and well-organized submissions to the Court regarding the instant habeas petition and a second petition before this Court. Second, even assuming *arguendo* that petitioner lacks education and that he is generally ignorant of the law, it is well-established that such circumstances are not "extraordinary." *See, e.g., Thomas*, 2007 WL 42993, at *2 ("[P]etitioner's arguments for equitable tolling – that he was ignorant of the law and had to rely on other inmates for help, [and] lacked education . . . – are not 'extraordinary.'"); *Williams v. Breslin*, No. 03-CV-1848 (RWS), 2004 WL 2368011, at *6 (S.D.N.Y. Oct. 20, 2004) (a lack of legal knowledge cannot excuse a delay in filing a petition); *Ayala v. Miller*, No. 03-CV-3289 (JG), 2004 WL 2126966, at *2 (E.D.N.Y. Sept. 24, 2004) ("Neither a prisoner's *pro se* status, nor his lack of legal expertise, provides a basis for equitable tolling of AEDPA's statute of limitations."). Moreover, even if petitioner were able to demonstrate extraordinary circumstances, petitioner has failed to establish that he acted with reasonable diligence during the period he seeks to toll.

In short, petitioner has not presented any grounds that warrant equitable tolling, nor has he made a showing of actual innocence. *See Whitley v. Senkowski*, 317 F.3d 223, 225 (2d Cir. 2003) (holding that it was error to dismiss a petition claiming actual innocence, on statute of limitations grounds, without further analysis). Accordingly, the petition is dismissed as time-barred.

### III. CONCLUSION

For the foregoing reasons, the petition for a writ of habeas corpus is dismissed because petitioner is no longer in custody on the challenged conviction and the petition is time-barred. Because petitioner has failed to make a substantial showing of a denial of a constitutional right, no certificate of appealability shall issue. *See* 28 U.S.C. § 2253(c)(2).

SO ORDERED.

_____
JOSEPH F. BIANCO
United States District Judge

Dated: March 6, 2007
Brooklyn, New York

\* \* \*

Petitioner appears *pro se*. Attorney for Respondent is Thomas J. Spota, District Attorney of Suffolk County, by Marcia R. Kucera, Esq., Assistant District Attorney, Criminal Courts Building, 200 Center Drive, Riverhead, New York 11901.